# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                       **Criminal Action No. 3:08-CR-77**
                                                                   Judge Bailey

**BARTON JOSEPH ADAMS,** and
**JOSEPHINE ARTILLAGA ADAMS**,

    Defendants.

## ORDER

On this day, the above-styled matter came before the Court for consideration of the Defendant's *pro se* Motion to determine if the U.S. government agent i.e. the Fiscal Intermediary was required by Federal Law to immediately Reject the claim forms of an excluded provider of service [Doc. 1193] and *pro se* Motion to unseal the date Barry Beck, Esq. Requested funds for a competency evaluation of the defendant by Dr. Krieg and to unseal the date of Dr. Krieg's competency evaluation Report-letter [Doc. 1195], both filed on February 22, 2013.

A defendant has a Sixth Amendment right to be represented by an attorney, but a defendant has no right to act as co-counsel as defendant Adams has attempted to do in filing this *pro se* motion. **United States v. Tarantino**, 846 F.2d 1384, 1420 (D.C. Cir. 1988), *cert. denied*, 488 U.S. 867 (1988). It is within the sound discretion of this Court to allow a defendant to assume some of his lawyer's functions, that is, to engage in "hybrid representation." See **United States v. LaChance**, 817 F.2d 1491, 1498 (11th Cir. 1987),

*cert. denied*, 484 U.S. 928 (1987) (citing **United States v. Mills,** 704 F.2d 1553, 1557 (11th Cir. 1983) and **United States v. Daniels**, 572 F.2d 535, 540 (5th Cir. 1978)). Hybrid representation, however, should be permitted only where a defendant has made a showing of some special need to act as co-counsel. **United States v. West**, 877 F.2d 281, 293 (4th Cir. 1989), *cert. denied*, 493 U.S. 959 (1989).

Having reviewed the defendant's *pro se* Motion to determine if the U.S. government agent i.e. the Fiscal Intermediary was required by Federal Law to immediately Reject the claim forms of an excluded provider of service [Doc. 1193] and *pro se* Motion to unseal the date Barry Beck, Esq. Requested funds for a competency evaluation of the defendant by Dr. Krieg and to unseal the date of Dr. Krieg's competency evaluation Report-letter [Doc. 1195], this Court finds that the defendant has not made a sufficient showing of necessity for this Court to allow defendant to act as co-counsel to his appointed counsel in this matter. Accordingly, the defendant's *pro se* Motion to determine if the U.S. government agent i.e. the Fiscal Intermediary was required by Federal Law to immediately Reject the claim forms of an excluded provider of service **[Doc. 1193]** and *pro se* Motion to unseal the date Barry Beck, Esq. Requested funds for a competency evaluation of the defendant by Dr. Krieg and to unseal the date of Dr. Krieg's competency evaluation Report-letter **[Doc. 1195]** are hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this order to counsel of record herein and to mail a copy to the defendant acting as a *pro se* defendant.

**DATED:** February 22, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE